DA 12-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 285N

IN THE MATTER OF:

K.U.,

     A Youth.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDJ-2010-32
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jennifer A. Giuttari, Montana Legal Justice, PLLC; Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General; Helena, Montana

        Leo J. Gallagher, Lewis and Clark County Attorney, Tara Harris, Deputy
County Attorney; Helena, Montana

Submitted on Briefs:  September 11, 2013

Decided:   October 1, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion.  It shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      K.U. appeals from the Order of the First Judicial District Court, Lewis and Clark County, determining that statements a three-year-old made to her mother were properly admitted into evidence in the State's sexual assault case against him.  We affirm.

¶3      S.F., almost four years old, attended a daycare run by fourteen-year-old K.U.'s grandmother.  On April 15, 2010, S.F.'s mother, H.M., picked S.F. up from daycare.  S.F. said that she was hurt and that her "butt" hurt.  H.M. asked her why and S.F. responded that somebody had tried to put something in her "butt."  When H.M. asked what it was, S.F. responded "the thing in his shorts."  S.F. typically called both her buttocks and her vaginal area her "butt."  H.M. asked S.F. if she could point out the boy who hurt her at the daycare, believing the perpetrator to be another small child.  They returned to the daycare.  At the daycare, S.F. identified K.U. as the assailant.  The next morning H.M. took S.F. to the doctor.  The doctor examined S.F. and reported the matter to the police.

¶4      The State filed a petition in Youth Court alleging that K.U. was a delinquent youth and had committed the offense of Sexual Assault, a felony, upon a three-year-old victim. The State originally planned to call S.F. to testify.  S.F. was intimidated and generally unresponsive in the presence of the jury and the court excused her.  Since H.M. had testified

2

about S.F.'s statements to her in a pretrial hearing, the State proposed to offer that testimony. The Youth Court admitted the statements after concluding that S.F. was unavailable and the statements fell within exceptions to the hearsay rule. K.U. contested that ruling. The jury was deadlocked and the court declared a mistrial.

¶5 During a second trial, K.U. again opposed admission of S.F.'s statements through H.M. The Youth Court determined that the statements were non-testimonial and were constitutionally admissible. This jury convicted K.U. K.U. alleges that the Youth Court erred in allowing H.M. to testify about S.F.'s statements to her. Because we conclude that the Youth Court did not abuse its discretion in admitting the non-testimonial statements, we do not reach the additional issues that K.U. raises on appeal.

¶6 We review a district court's evidentiary decision to determine whether the court abused its discretion. *State v. Mizenko*, 2006 MT 11, ¶ 8, 330 Mont. 299, 127 P.3d 458.

¶7 The Montana Constitution, the U.S. Constitution and the Montana Code Annotated guarantee an accused in a Youth Court proceeding the right to confront the witnesses against him. Mont. Const. art. II, § 24; U.S. Const. amend. VI; § 41-5-1414, MCA. Only testimonial statements cause the declarant to be a "witness" within the meaning of the confrontation clause. *Davis v. Washington*, 547 U.S. 813, 821, 126 S. Ct. 2266, 2273 (2006). We presume statements are non-testimonial when the declarant is not speaking to a government agent, unless the declarant had clear reason to believe that the statement would be used in court as substantive evidence. *Mizenko*, ¶ 23. A non-testimonial statement is

3

admissible if either (1) it fits into a firmly rooted hearsay exception; or (2) it bears independent guarantees of trustworthiness. *Mizenko*, ¶ 32.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion when it concluded the statements were non-testimonial and admissible. As the District Court pointed out, the statements were made by a three-year-old child to her mother at the first opportunity after leaving the environment in which the alleged act occurred. The implication that S.F. "reflected" for purposes of "conjuring up a false allegation" is, as the District Court stated, unrealistic under these circumstances. H.M.'s questions to S.F. and her actions show that she acted out of care for her daughter and not from a desire to create evidence. H.M. did not call the police and instead took her daughter to the doctor for examination and treatment. The evidence supports the District Court's determination that the statements were non-testimonial and could be properly admitted into evidence without implicating K.U.'s confrontation rights.

¶9    Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

4